FILED

2008 Dec-16  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHN H. UNDERWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:08-cv-00427-CLS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant John H. Underwood commenced this action on March 10, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant argues that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards solely because the ALJ improperly evaluated claimant's subjective complaints of pain. Upon review of the record, the court concludes that this contention is without merit.

The ALJ found that claimant suffered from the severe impairments of bilateral carpal tunnel syndrome and hypertension, but that claimant does not have an impairment or combination of impairments that meets or medically exceeds one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix I.[1]  Moreover, the ALJ determined that "claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."[2]

To demonstrate that pain renders an individual disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d

[1]Tr. at 23-25.
[2]*Id.* at 27.

580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Claimant argues that, because the ALJ found that claimant's impairments could be expected to produce the symptoms he alleged, the ALJ was required to find him disabled under the pain standard, without regard to the credibility of his allegations. Claimant misapprehends the relevant legal principles.  The ALJ should consider the credibility of a claimant's subjective allegations *after* evaluating them under the Eleventh Circuit's pain standard.  *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)); 20 C.F.R. § 404.1529(c)(1) ("When the medical and laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work."); SSR 96-7p, at *1 ("When the existence of a medically determinable physical

or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities.  This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.").  Consistent with the foregoing, and in consideration of the record as a whole, the court concludes that the ALJ's rejection of claimant's subjective testimony as to pain was based upon substantial evidence, and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The clerk is directed to close this file.

DONE this 16th day of December, 2008.

United States District Judge